UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAKA D. GILBERT,<br><br>    Petitioner,<br><br>    v.<br><br>COALINGA STATE HOSPITAL,<br><br>    Respondent. | Case No. 5:23-cv-01795-DSF-PD<br><br>**ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY** |

On August 31, 2023, Chaka D. Gilbert ("Petitioner"), a civil detainee housed at Coalinga State Hospital, filed a petition for writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the Court finds that the Petition should be dismissed.

**I. Duty to Screen**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of the Petition. Pursuant to Rule 4, the Court must summarily dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing 2254 Cases; *see also* Local Rule 72-3.2.

## II. The Petition Should Be Dismissed

The Court has reviewed the Petition and finds that it is facially deficient and should be dismissed. As an initial matter, the Petition is essentially unintelligible, and Petitioner fails to articulate any legal claims for relief or the factual basis for those claims. Petitioner is civilly committed to Coalinga State Hospital pursuant to a state court judgment. A petitioner in custody pursuant to the judgment of a state court may challenge his confinement "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254; *see also* Rule 1 of the Rules Governing Section 2254 Cases. Petitioner fails to set forth a constitutional basis for challenging his confinement. Accordingly, he fails to state a cognizable claim for habeas relief under 28 U.S.C. § 2254.

Petitioner has also failed to demonstrate that he has exhausted his state remedies as to any claim that he is in state custody in violation of federal law. Federal habeas relief may not be granted unless Petitioner has exhausted the remedies available in the state courts. 28 U.S.C. § 2254(b)(1)(A). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982). Petitioner has not met his burden of demonstrating that he has exhausted available state remedies. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).[1]

---

[1] Petitioner has also failed to name a proper respondent. If Petitioner chooses to file another habeas action in the future, he must name as the respondent the warden or administrator of the facility where he is currently confined. *See* 28 U.S.C. § 2242; *see*

2

### III. Dismissal without Prejudice is Appropriate

This is at least the tenth habeas petition filed by Petitioner in this Court.[2] All of the prior petitions were facially deficient. The first four petitions were dismissed initially with leave to amend and ultimately were dismissed without prejudice for failure to prosecute and/or failure to comply with a court order because Petitioner did not file an amended petition. The next five petitions were summarily dismissed without prejudice in light of Petitioner's longstanding pattern of filing defective petitions. Given this pattern and the absence of a cognizable federal habeas claim in the instant Petition, the Court finds that affording leave to amend would be futile and dismissal without prejudice is appropriate.

### IV. Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Court has found that the Petition should be dismissed without prejudice. For the reasons stated above, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right, as is required to support the issuance of a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2).

---

*also Rumsfeld v. Padilla*, 542 U.S. 426, 436 (2004); Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and the Advisory Committee Notes thereto. The Ninth Circuit has held that the failure to name the correct respondent destroys personal jurisdiction. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996); *Stanley v. California Supreme Court,* 21 F.3d 359, 360 (9th Cir. 1994).

[2] Case No. 5:12-cv-01446-DSF-JEM; Case No. 5:17-cv-00855-DSF-JEM; Case No. 5:17-cv-01105-DSF-JEM; Case No. 5:18-cv-01055-DSF-JEM; Case No. 5:19-cv-00448-DSF-JEM; Case No. 5:19-cv-00502-DSF-JEM; Case No. 5:19-cv-00756-DSF-JEM; Case No. 2:19-cv-03576-DSF-JEM; Case No. 2:19-cv-04145-DSF-JEM.

## V. ORDER

Based on the foregoing, IT IS ORDERED THAT: (1) the Petition is dismissed without prejudice; and (2) a certificate of appealability is denied.

DATED: 9/15/2023

_____
HON. DALE S. FISCHER
UNITED STATES DISTRICT JUDGE